IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LEMIA BRITT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. 13 C 6631 |
| OFFICER JEROME L. ANDERSON, ) | |
| Star No. 3712, a Chicago Police Officer, ) | |
| CITY OF CHICAGO, a municipal corporation ) | |
| ) | |
| Defendants. ) | |
| ) | |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

On September 19, 2013, plaintiff Lemia Britt ("Britt") filed a six-count complaint ("Complaint") (Dkt. No. 1 ("Compl.")) against defendant Jerome Anderson ("Anderson"), an officer with the Chicago Police Department, alleging Anderson violated 42 U.S.C. § 1983 by unlawfully seizing photos from Britt's phone, (Compl. ¶¶ 20-23), and discriminating against Britt on the basis of her sex, (Compl. ¶¶ 24-29). Britt also brings supplemental state law claims against Anderson and the City of Chicago ("City") (collectively, "Defendants") for conversion (Count III), trespass to chattels (Count IV), and invasion of privacy (Count V). (Compl. ¶¶ 30-46.) Finally, Britt brings a claim for indemnification (Count VI) against the City under 745 ILCS 10/9-102, which directs the City to pay any judgment for compensatory damages for which Anderson, acting in the scope of his employment, is found liable. (Compl. ¶¶ 47-50.) Defendants have moved to dismiss (Dkt. No. 12 ("Defs.' Mot.")) the federal claims alleged against Anderson pursuant to Fed. R. Civ. P. 12(b)(6), and have requested that the court decline supplemental

jurisdiction over Britt's remaining state law claims. For the reasons explained below, that motion is granted.

## FACTUAL BACKGROUND

The facts alleged in Britt's Complaint are concise. On June 25, 2013, Anderson arrested Britt and took her into custody at the Second District Chicago Police Station. (Compl. ¶¶ 11-12.) While Britt was in custody, and without her knowledge or consent, Anderson: (1) accessed Britt's purse and cell phone; (2) discovered "private and sensitive" photos stored on Britt's cell phone; and (3) forwarded the private and sensitive photos to his personal cell phone.[1] (Compl. ¶¶ 13, 15.)

In her response to Defendants' motion to dismiss (Dkt. No. 16 ("Pl.'s Resp.")), Britt alleges a number of additional "material facts that [she] believes discovery will show," including the reason for her arrest, Anderson's efforts to circumvent a "locked app" on Britt's cell phone, and that the photos he seized were sexual in nature. (Pl.'s Resp. at 2.) At the 12(b)(6) stage, however, the court must confine its analysis to the allegations made within the four corners of Britt's Complaint; the court cannot consider additional facts alleged outside of the pleadings. *Wilson* v. *Price*, 624 F.3d 389, 391 n.1 (7th Cir. 2010) (citing *McCready* v. *eBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006)).

---

[1] Britt's Complaint describes only a "phone." (Compl. ¶ 13.) Because the Complaint implies that her phone was inside of her purse, (*id.* ¶¶ 13, 32, 37), and both Britt's and Anderson's phones were capable of storing and transmitting photos, (*id.* ¶ 13), the Court infers that both phones described in the Complaint are cell phones.

## LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley* v. *Gibson*, 355 U.S. 41, 47 (1957)). Although "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. The complaint must "include sufficient facts 'to state a claim for relief that is plausible on its face.'" *Cole* v. *Milwaukee Area Tech. Coll. Dist.*, 634 F.3d 901, 903 (7th Cir. 2011) (quoting *Justice* v. *Town of Cicero*, 577 F.3d 768, 771 (7th Cir. 2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009). In ruling on a Rule 12(b)(6) motion, the court "construe[s] the . . . [c]omplaint in the light most favorable to Plaintiff, accepting as true all well-pleaded facts and drawing all possible inferences in his favor." *Cole*, 634 F.3d at 903.

## ANALYSIS

Defendants move to dismiss the federal claims alleged in Britt's Complaint, both of which arise under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege that he or she was (1) deprived of a federal right, privilege, or immunity (2) by any person acting under color of state law. *Gomez* v. *Toledo*, 446 U.S. 635, 638 (1980). The parties do not dispute that Anderson was acting under color of state law when he arrested Britt, searched the digital contents of her cell phone, and seized the private and sensitive photos he found on Britt's cell

phone. Instead, Defendants dispute that Britt has not sufficiently alleged a deprivation of any federal right—specifically, her right to be free from unreasonable seizures (Count I) or her right to equal protection of the law (Count II).

I. Unlawful Seizure (Count I)

Anderson moves to dismiss Britt's § 1983 claim for unlawful seizure on the basis of qualified immunity. Qualified immunity "protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson* v. *Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow* v. *Fitzgerald*, 457 U.S. 800, 818 (1982)). Officers are not protected by qualified immunity when they are "plainly incompetent or . . . knowingly violate the law." *Malley* v. *Briggs*, 475 U.S. 335, 341 (1986). To determine if qualified immunity applies, the court must determine "first whether the plaintiff has a good constitutional claim, and second whether the right in question was 'clearly established' before the contested events." *Vinning-El* v. *Evans*, 657 F.3d 591, 592 (7th Cir. 2011). Because qualified immunity "is an immunity from suit rather than a mere defense to liability," the Supreme Court has "repeatedly stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Pearson*, 555 U.S. at 231-32. Consequently, district courts may exercise discretion in deciding which of the two prongs of the qualified immunity analysis to address first, *id.* at 236, because "[a] negative answer to either prong of this test will decide the matter." *Forman* v. *Richmond Police Dept.*, 104 F.3d 950, 957 (7th Cir. 1997) (citations omitted).

For this reason, Defendants' motion addresses only the second prong of the qualified immunity analysis. Defendants assert Anderson is entitled to qualified immunity because, at the time of Britt's arrest, she had no "clearly established" right to be free from a warrantless search of the contents of her cell phone. (Defs.' Mot. at 4.) Because the search was not clearly unlawful, Defendants contend Anderson is not liable for seizing the fruits of that search, which happened to be Britt's private and sensitive photos. (*Id.*) Britt argues in response that Anderson's search and seizure of her cell phone photos violated her "clearly established" rights under the Fourth Amendment. (Pl.'s Resp. at 5-11.)

A "clearly established" right is one where "[t]he contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson* v. *Creighton*, 483 U.S. 635, 640 (1987). To determine whether a right is clearly established, courts in this district look first to the decisions of the Supreme Court and the Seventh Circuit. *Jacobs* v. *City of Chicago*, 215 F.3d 758, 767 (7th Cir. 2000). Although "[t]he factual circumstances of the alleged violation need not be identical to prior holdings . . . closely analogous cases, those decided before the defendants acted or failed to act, are required to find that a constitutional right is clearly established." *Rakovich* v. *Wade*, 850 F.2d 1180, 1209 (7th Cir. 1988) (citations omitted).

Defendants contend there is no Supreme Court or Seventh Circuit decision clearly establishing a right to be free from a warrantless search and seizure of cell phone photos incident to arrest. (Defs.' Mot. at 4.) Britt admits as much in her response to Defendants' motion. (*See* Pl.'s Resp. at 7 ("[N]either the Supreme Court nor the Seventh Circuit have definitively ruled on

5

whether cellular phones are containers such that the search incident [to] arrest exception applies to searches of them, or how great the scope should be for such searches.").) In fact, because "[c]ourts have struggled to apply the Supreme Court's incident-to-arrest jurisprudence to the search of data on a cell phone seized from the person," *United States* v. *Wurie*, 728 F.3d 1, 5 (1st Cir. 2013) *cert. granted*, 134 S. Ct. 999 (U.S. Jan. 17, 2014) (No. 13-212), the Supreme Court has granted petitions for certiorari in two cases reaching opposite results on the issue. *Id.* (holding police officers may never search digital contents of a cell phone incident to arrest without a warrant); *People* v. *Riley*, 2013 WL 475242 (Cal. Ct. App. Feb. 8, 2013), *cert. granted in part*, 134 S. Ct. 999 (U.S. Jan. 17, 2014) (No. 13-132) (holding warrantless searches of digital contents of a cell phone seized incident to arrest are categorically permitted).

The question is similarly unresolved in the Seventh Circuit, where the only decision addressing cell phones and the search incident to arrest doctrine is *United States* v. *Flores-Lopez*, 670 F.3d 803 (7th Cir. 2012).[2] In *Flores-Lopez*, the Seventh Circuit permitted a warrantless search of several cell phones seized from the defendant upon arrest. *Flores-Lopez*, 670 F.3d at 804. At the scene of the arrest, one of the officers searched each cell phone for its telephone number, which the

---

[2] Defendants' motion does not address or cite *Flores-Lopez*. Instead, Defendants urge the Court to rely on the Western District of Virginia's decision in *Newhard* v. *Borders*, 649 F. Supp. 2d 440, 448 (W.D. Va. 2009). (Defs.' Mot. at 4-5.) The relevant law for purposes of qualified immunity is the existing law in the Seventh Circuit, not the Western District of Virginia, at the time of Anderson's alleged offense. *See Jacobs*, 215 F.3d at 767. In their reply, Defendants further encourage the court to ignore *Flores-Lopez* because it is a criminal case rather than a civil case. (Dkt. No. 17 at 3.) Defendants provide no authority holding civil cases carry more precedential value than criminal cases, particularly when the issue is a search and seizure incident to a criminal arrest. In fact, after *Pearson*, criminal cases are the preferred—and sometimes only—process for clarifying the contours of the Fourth Amendment as applied to new issues, such as the search of a modern cell phone.

government used to subpoena three months of call histories from each telephone provider. *Id.* The Seventh Circuit held that the officers' warrantless search of the cell phone merely for its phone number did not run afoul of the Fourth Amendment. *Id.* at 810.

The Seventh Circuit declined, however, to join the Fourth and Fifth Circuits, which have held that the warrantless search of the contents of a cell phone found on the person of an arrestee is categorically lawful under *United States* v. *Robinson*, 414 U.S. 218 (1973). *See United States* v. *Murphy*, 552 F.3d 405, 410-12 (4th Cir. 2009) (warrantless search of cell phone incident to arrest categorically permitted); *United States* v. *Finley*, 477 F.3d 250, 259-60 (5th Cir. 2007) (same). In *Robinson*, the Supreme Court held that a container found on the person of an arrestee may be searched incident to arrest even if the arresting officer does not suspect the container holds a weapon or contraband. *Robinson*, 414 U.S. at 235. The Seventh Circuit opined that the modern cell phone is a computer, not a conventional container, and thus subject to the traditional rule that a search, without a warrant, requires justification. *Flores-Lopez*, 670 F.3d at 805-06. The usual justifications, set forth in *Chimel* v. *California*, 395 U.S. 752 (1969), are to "seize weapons and to prevent the destruction of evidence." *Chimel*, 395 U.S. at 763 (citations omitted). The Seventh Circuit concluded that a cell phone search might be justified under either *Chimel* rationale. *Flores-Lopez*, 670 F.3d 806-810 (finding certain "stun gun" cell phones might endanger officer safety while other cell phones could be remotely "wiped" by an accomplice not in custody).

Notwithstanding the traditional rule requiring justification, the Seventh Circuit further observed that under its own precedent, a warrant is not required for "minimally invasive" searches, even if one of the usual *Chimel* justifications is not present. *Id.* at 807 (relying on

7

*United States* v. *Concepcion*, 942 F.2d 1170, 1172-73 (7th Cir. 1991)). Because looking in a cell phone merely to determine the cell phone's phone number was "minimally invasive," the Seventh Circuit held the risk to safety or the need to preserve evidence need not be more than "negligible." *Id.* at 810.

Britt argues that because the warrantless search here was more than minimally invasive, it was unlawful absent any perceptible risk to Anderson's safety or need to preserve evidence. (Pl.'s Resp. at 8.) Indeed, the Seventh Circuit suggested in *Flores-Lopez* that some type of proportionality principle might apply to warrantless cell phone searches:

> [E]ven when the risk either to the police officers or to the existence of the evidence is negligible, the search is allowed, provided it's no more invasive than, say, a frisk, or the search of a conventional container, such as Robinson's cigarette pack, in which heroin was found. If instead of a frisk it's a strip search, the risk to the officers' safety or to the preservation of evidence of crime must be greater to justify the search.

*Flores-Lopez*, 670 F.3d at 809 (citations omitted). But because the search at issue in *Flores-Lopez* was minimally invasive, the Seventh Circuit declined to articulate the contours of any purported balancing test. *Id.* at 810 ("We need not consider what level of risk to personal safety or to the preservation of evidence would be necessary to justify a more extensive search of a cell phone without a warrant.") Accordingly, Britt cannot rely on *Flores-Lopez* for any "clearly established" right to be free from a more invasive search. The court understands that this unresolved question greatly affects personal privacy and everyday police operations. The Seventh Circuit, however, expressly left the question "for another day." *Id.; see also United States* v. *Burgard*, 675 F.3d 1029, 1032 (7th Cir. 2012) (noting search of cell phone for

8

pornographic images was "the more invasive type excluded from [the] discussion in [*Flores-Lopez*]").

To the extent Britt argues that officers must decide, in the moment, whether the invasion of an arrestee's privacy is proportional to the justification for the search, that is not the holding of *Flores-Lopez*. *See Flores-Lopez*, 670 F.3d at 809 ("Toting up costs and benefits is not a feasible undertaking to require of police officers conducting a search incident to arrest."). *But cf. Wurie*, 728 F.3d at 21 (Howard, J., dissenting) (advocating the Seventh Circuit's balancing "formula" instead of the categorical rule adopted by the majority of the panel). Indeed, such a requirement would be the type of "inherently subjective and highly fact specific" determination the Supreme Court has admonished courts not to impose on officers in the field. *Thornton* v. *United States*, 541 U.S. 615, 623 (2004).

While Officer Anderson's search of Britt's cell phone, seized incident to Britt's arrest, and Anderson's further seizure of her photos as alleged in Britt's Complaint appear to be facially improper and unprofessional, Britt's Complaint's alleged facts which the court accepts as true do not state a claim for relief under § 1983 when Anderson's qualified immunity is considered. The Seventh Circuit in its 2012 *Flores-Lopez* opinion by explicitly leaving as "questions for another day," *Flores-Lopez* 670 F.3d at 810, the lengths to which a police officer can permissibly go in searching a cell phone seized incident to an arrest and further seizing the phone's information and contents revealed by that search, clearly did not establish an arrested cell phone owner's constitutional right to be free from the police seizing the phone, searching it and seizing its content without a warrant. In this case, a reasonable police officer in Anderson's position in

Chicago in June of 2013 could have believed the search of Britt's phone did not require a warrant, because there was no clearly established law excluding cell phone photos from seizure following a search incident to an arrest of the phone's owner. Accordingly, Anderson is entitled to qualified immunity under the law as it exists, and Count I must be dismissed on that basis.

## II. Equal Protection (Count II)

Count II of Britt's Complaint alleges that Defendants violated the Equal Protection Clause of the Fourteenth Amendment by denying her equal protection of the laws. To state a *prima facie* equal protection claim, a plaintiff must allege that (1) she is a member of a protected class, (2) she is otherwise similarly situated to members of the unprotected class, and (3) she was treated differently from members of the protected class. *Brown* v. *Budz*, 398 F.3d 904, 916 (7th Cir. 2005). Defendants argue Britt must also allege the challenged action was motivated by a discriminatory purpose. The Seventh Circuit, however, explained:

> Although some cases from this Court have suggested that a fifth, freestanding element—proof of discriminatory intent—is necessary to establish a prima facie equal protection violation, we have clarified that those cases "are best read as simply emphasizing the requirement that § 1983, like disparate treatment cases under Title VII, require ultimately proof of discriminatory intent.

*Salas* v. *Wisconsin Dept. of Corr.*, 493 F.3d 913, 926 (7th Cir. 2007) (citations omitted).

Here, Britt's Complaint alleges she is female, which is a protected class, and that Anderson would not have seized her photos if she were male. (Compl. ¶¶ 26-27.) As an initial matter, Britt fails to allege that similarly situated members of the unprotected class were *actually* treated differently; her Complaint merely states that her photos would not have been seized if she were male. (Compl. ¶ 27.) Even if the court were to construe Britt's Complaint to allege that

10

Anderson did, in fact, treat male arrestees differently, Britt's Complaint fails to allege facts that would plausibly support such an inference. She does not name any similarly situated men whose cell phone photos were not searched and seized, nor does she offer any other evidence that would allow a plausible inference of discriminatory effect. *See, e.g., Chriswell* v. *Village of Oak Lawn*, No. 11 C 547, 2013 WL 5903417, at *11 (N.D. Ill. Nov. 4, 2013) (Tharp, J.) (finding plaintiff who failed to identify individuals of other races not pulled over by police under similar circumstances could not adequately allege discriminatory effect). Britt's Complaint fails to plead sufficient factual content to allow the court to draw a reasonable inference that Anderson denied her equal protection of the law. *See Iqbal*, 556 U.S. at 678. Rather, Britt's allegations amount to nothing more than a "formulaic recitation of the elements" of an equal protection claim. *Twombly*, 550 U.S. at 555. Because Britt has failed to allege adequately an equal protection claim, Count II of her Complaint is dismissed.

## CONCLUSION

For the reasons explained above, the "Motion to Dismiss" of defendants Jerome Anderson and the City of Chicago (Dkt. No. 12) is granted as to Counts I and II of plaintiff Lemia Britt's Complaint. Count I is dismissed because Anderson did not violate any "clearly established" constitutional right under the Fourth Amendment and is thus entitled to qualified immunity. Count II is dismissed because Britt fails to state a claim under the Equal Protection Clause of the Fourteenth Amendment. Because the court has dismissed all claims over which it has original jurisdiction, the court declines to exercise supplemental jurisdiction over the remaining state law claims in Counts III, IV, V, and VI. Counts III, IV, V, and VI are dismissed without prejudice to Britt's right to refile her claims in state court. Civil case terminated.

ENTER:

*[signature: James F. Holderman]*
JAMES F. HOLDERMAN
District Judge, United States District Court

Date: February 28, 2014